67769. FURCHES v. RING.

POPE, Judge.

Appellee David Allen Ring brought this action against appellant Wiley Ralph Furches, Jr. seeking recovery of $597.67, the balance alleged to be due pursuant to a contract for the sale/purchase of a refurbished 1969 Plymouth Roadrunner automobile. Appellant Furches brings this appeal from a judgment entered by the trial court without the intervention of a jury in favor of appellee Ring for the amount sought. Furches' two enumerations of error challenge the trial court's findings relative to the Motor Vehicle Certificate of Title Act, OCGA Ch. 40-3.

On September 3, 1982 appellee Ring, a resident of Alabama, sold the subject automobile to appellant Furches, a resident of Georgia, for $3,300. Pursuant to their agreement, Furches paid $2,702.33 at the time of sale and took possession of the automobile. Ring was to "keep the title to the car" until Furches had completed installment payments totaling $597.67, to be paid in full no later than December 1982. Upon being paid in full, Ring was to present to Furches a clear title to the automobile. As is pertinent here, Furches defended his

failure to pay any installments in part upon Ring's alleged failure to comply with Georgia's Motor Vehicle Certificate of Title Act. The trial court found no violation of the Act "and even if there had been a violation of [the] Act, there was no showing of any damages caused by the alleged violation[.]"

Pursuant to the provisions of the Act, "[n]o certificate of title need be obtained for: . . . (3) A vehicle owned by a nonresident of this state and not required by law to be registered in this state[.]" OCGA § 40-3-4. The undisputed evidence of record established this exclusion as applicable to Ring. The fact that Ring had purchased the automobile from a Georgia resident some three years earlier, and the automobile at that time had a Georgia certificate of title, does not alter Ring's exclusion from coverage under the Act as pertains to his 1982 sale of the automobile to Furches. Therefore, Furches' enumerations of error have no merit.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 16, 1984.

*Ronald S. Iddins,* for appellant.
*Ronald W. Self,* for appellee.